COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


TOMMIE LEE TUCKER, S/K/A
 TOMMIE LEE TUCKER, JR.
                                            OPINION BY
v.    Record No. 1594-01-2          JUDGE RICHARD S. BRAY
                                            MAY 28, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                   William L. Wellons, Judge

          Michael L. Freshour, Assistant Public
          Defender, for appellant.

          Susan M. Harris, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Tommie Lee Tucker, Jr. (defendant) was convicted in a bench

trial of eluding a police officer in violation of Code

§ 46.2-817(B), a felony.  On appeal, defendant challenges the

sufficiency of the evidence to prove his conduct "interfere[d]

with or endanger[ed] the operation of the law-enforcement vehicle

or endanger[ed] a person."  Finding no error, we affirm the

conviction.

                              I.

     The evidence is uncontroverted.  At approximately 10:40 p.m.

on the evening of October 27, 2000, State Trooper David Cooper was

operating mobile radar while traveling westbound on a two-lane

highway in Halifax County.  An eastbound red Mustang driven by

defendant was detected traveling "seventy-three in a fifty-five mile per hour zone," and Cooper "immediately turned around and began to overtake" the car. When "it looked like [defendant] was fixing to" cross a "double solid line" and "pass a van," Cooper activated his "blue lights and siren." "[S]imultaneously," defendant entered the westbound lane, passed the van and continued east, "passing two other vehicles," with Cooper in pursuit.

When defendant reached the controlled intersection with "US 360," a four-lane highway, the "light in his direction of travel was red," but defendant "continued on through without stopping." Cooper slowed as he approached the intersection, the traffic signal "turned green," and he continued to follow defendant along State Route 344, reaching speeds "in excess of a hundred and five [m.p.h.] trying to catch him." The chase continued through Scottsburg, where Cooper again slowed his vehicle, only to resume speeds of "eighty, eighty-five [m.p.h.]" in pursuit of defendant.

Beyond Scottsburg, "approximately three-quarters of a mile" from the intersection with US 360, the Mustang "slid off" the road and into a tree. Before Cooper could reach the vehicle, defendant "came out from the driver's seat," "jumped into the woods and ran." Apprehended and arrested at "approximately 4:09 a.m." the following morning, defendant explained he fled because "he had just gotten out of jail . . . and didn't want to go back."

At the conclusion of all the evidence, defendant moved the court to "strike the felony." Conceding "there's no question

-

. . . [he] didn't stop" for Cooper's "audible and visual sign," admittedly conduct sufficient to establish "misdemeanor eluding" and "reckless driving," defendant maintained that such evidence was insufficient to prove a felonious violation of Code § 46.2-817(B). The court overruled the motion and convicted defendant of feloniously eluding Cooper, resulting in the instant appeal.

## II.

Code § 46.2-817 provides, in pertinent part:

> A. Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal or who attempts to escape or elude such law-enforcement officer, shall be guilty of a Class 3 misdemeanor. . . .
>
> B. Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person shall be guilty of a Class 6 felony. . . .
>
> C. When any person is convicted of a misdemeanor under this section, in addition to the other penalties provided in this section, the driver's license of such person may be suspended by the court for a period of not less than thirty days nor more than one year. However, in any case where the speed of such person is determined to have exceeded the maximum allowed by twenty miles per hour, his driver's license shall be suspended by the court trying the case for a period of not less than ninety days. . . .

-

Contending the legislature did not intend "reckless driving, without more," sufficient "to convict a person eluding the police of a felony," defendant urges us to construe Code § 46.2-817(B) to require proof that the "driving actually endangered a person."

In support of his argument, defendant points to Code § 46.2-817(C), which provides an enhanced punishment for a violation of Code § 46.2-817(A), "a <u>misdemeanor</u>," when the offense is accompanied by speed in excess of "the maximum allowed by twenty miles per hour." Code § 46.2-817(C) (emphasis added). Because such conduct is deemed reckless driving by Code § 46.2-862, defendant reasons reckless driving gives rise only to a violation of Code § 46.2-817(A), a misdemeanor.

Well established "principles of statutory construction require us to ascertain and give effect to the legislative intent." <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992) (citations omitted). "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results." <u>Id.</u> "Although penal laws are to be construed strictly [against the Commonwealth], they 'ought not to be construed so strictly as to defeat the obvious intent of the legislature.'" <u>Willis v. Commonwealth</u>, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (citation omitted).

-

Viewed accordingly, Code § 46.2-817(C) is clearly intended to enhance punishment for a violation of Code § 46.2-817(A) when such offense is aggravated by specified conduct, coincidentally a species of reckless driving. Code § 46.2-817(C); see Shaw v. Commonwealth, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990) (finding violations of Code § 46.2-817 do not "constitute a reckless driving offense"). Thus, application of the provision is expressly limited to "person[s] . . . convicted of a misdemeanor under [Code § 46.2-817(A)] . . . ." Code § 46.2-817(C) (emphasis added).

With respect to the endangerment of persons sufficient to constitute a felonious violation of Code § 46.2-817(B), a manifest purpose of the statute is to protect the public against a driver eluding police "so as to . . . endanger a person." Id. Hence, conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute. To require the threat to be imminent would engraft an element to the offense, thereby permitting the dangerous operation of motor vehicles until a person is actually imperiled, an absurd result that subverts the salutary purposes of the statute.

Here, when defendant, ignoring Cooper's signal to stop, operated a vehicle at a high rate of speed in gross violation of posted limits, passed three cars, crossing a "double solid line" in the first instance, disregarded a red traffic signal at an intersection with a four-lane highway and, moments thereafter,

-

lost control and crashed into a tree, he clearly endangered both Trooper Cooper in the discharge of his duties and others on or about the highway, a felony in violation of Code § 46.2-817(B). Accordingly, we affirm the conviction.

Affirmed.