COURT OF APPEALS OF VIRGINIA


Present: Judges Felton, Kelsey and Senior Judge Willis
Argued at Richmond, Virginia


RICHARD ESTRADA

MEMORANDUM OPINION* BY
v. Record No. 1957-02-2       JUDGE WALTER S. FELTON, JR.
                              JUNE 24, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Matthew T. Paulk (Blackburn, Conte, Schilling
and Click, P.C., on brief), for appellant.

Virginia B. Theisen, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Richard Estrada was convicted in a bench trial for

feloniously eluding a police officer, in violation of Code

§ 46.2-817(B). On appeal, he contends that the evidence was

insufficient to prove his guilt beyond a reasonable doubt. For

the following reason, we affirm the judgment of the trial court.

## I. BACKGROUND

On the morning of November 3, 2001, Virginia State Trooper

Christopher Clark was completing a traffic stop on eastbound

Interstate 64 in western Henrico County when he saw an older

model van following "extremely close to" a vehicle in front of

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

it.  Estrada was driving the van.  According to Trooper Clark, the van was traveling approximately fifty-five miles per hour and following the vehicle at a distance of less than a car length, approximately five to ten feet.

Trooper Clark pursued the van in his marked police car.  He activated the vehicle's siren, strobe lights, and "wiggle lights."[1]  The police car was also equipped with a video camera that Trooper Clark activated when he began his pursuit of Estrada.  At trial, the Commonwealth played the police chase video while Trooper Clark explained what happened.

Trooper Clark followed Estrada for several miles on Interstate 64 during which he and Estrada traveled between fifty-five to seventy miles per hour in a fifty-five miles per hour zone.  Estrada approached an exit ramp from eastbound Interstate 64 to northbound Interstate 95.  On the ramp, Estrada's speed reached seventy miles per hour in a fifty-five miles per hour zone.  The video showed that on the ramp, Estrada crossed the white line, onto the shoulder.  He nearly struck a moving van and a tractor-trailer, causing them to move onto the shoulder of the ramp.

Once on Interstate 95, Estrada's speed fell to about forty-five to fifty miles per hour.  Estrada fell behind a civilian who appeared to be trying to assist Trooper Clark.  The

_____
[1] "Wiggle lights" are headlights that alternate on high beams from left to right.

-

civilian slowed down and motioned for Estrada to pull over. Trooper Clark, at this point, motioned with his arm out the window to traffic behind him to stay back.  He then used his PA system to instruct the civilian to move out of Estrada's way. The civilian complied, and Estrada accelerated.

Trooper Clark requested assistance from other state troopers as they approached traffic at the intersection of Interstates 95 and 295.  Speeds had increased to seventy miles per hour in a sixty-five miles per hour zone.  Seven state troopers responded.  Several of the responding state troopers stayed behind Trooper Clark and held back traffic on the three-lane highway.  Two state troopers passed Estrada in order to attempt to deploy the Stinger spike system.[2]  However, they were unable to do so.

Unable to deploy the spike system, the officers rejoined the pursuit.  One trooper subsequently pulled in front of Estrada and slowed down.  Estrada nearly hit the trooper, but was able to slow down.  The trooper then motioned with his arm out the window for Estrada to pull his van over.  He did not. As a result, the troopers blocked Estrada in by creating a "rolling roadblock," eventually bringing Estrada to a stop in the middle lane of Interstate 95.  Estrada was placed under

---

[2] The Stinger spike system is a roadway spike system used by law enforcement officers to terminate a vehicle pursuit.  The system consists of a strip of hollow spikes that is deployed across a roadway and flattens the tires of the pursued vehicle.

-

arrest and eventually convicted in a bench trial for feloniously eluding a police officer, in violation of Code § 46.2-817(B).

## II.  ANALYSIS

Estrada contends on appeal that the evidence was insufficient to prove his guilt beyond a reasonable doubt for feloniously eluding a police officer.

> When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  The conviction will be disturbed only if plainly wrong or without evidence to support it.

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).  Estrada argues that the Commonwealth failed to prove that his driving either interfered with the operation of law enforcement vehicles or endangered the officers or any other person.  We disagree.

Code § 46.2-817(B) states:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

In order to prosecute successfully a violation of this code section, the Commonwealth must show conduct that raises a "specter of endangerment."

-

> With respect to the endangerment of persons sufficient to constitute a felonious violation of Code § 46.2-817(B), a manifest purpose of the statute is to protect the public against a driver eluding police "so as to . . . endanger a person." [Code § 46.2-817(B)]. Hence, conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute. To require the threat to be imminent would engraft an element to the offense, thereby permitting the dangerous operation of motor vehicles until a person is actually imperiled, an absurd result that subverts the salutary purposes of the statute.

Tucker v. Commonwealth, 38 Va. App. 343, 347, 564 S.E.2d 144, 146 (2002).

In the case before us, Estrada's refusal to stop for police certainly imperiled officers and other individuals traveling on the highway. Estrada's speed reached seventy miles per hour on an exit ramp in a fifty-five miles per hour zone. On the exit ramp, he crossed over the white line onto the shoulder of the road, nearly striking a moving van and a tractor-trailer. The pursuit continued on the busy interstate highway for several miles. In addition, Estrada nearly struck a police vehicle that was positioned in front of him, attempting to stop him. The evidence was sufficient to prove beyond a reasonable doubt that Estrada feloniously eluded police.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-