COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Humphreys and Senior Judge Willis
Argued at Chesapeake, Virginia


MARCELLUS CARDELL GRAY

                                                         OPINION BY
v.        Record No. 2023-06-1                    JUDGE JERE M.H. WILLIS, JR.
                                                         OCTOBER 23, 2007
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                               C. Peter Tench, Judge

              F. Winslow Young (Access Law Group, P.C., on brief), for
              appellant.

              Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
              Attorney General, on brief), for appellee.


        On appeal from his conviction of felony eluding, Code § 46.2-817(B), Marcellus Cardell

Gray contends (1) that the trial court erred in denying his motion to suppress and (2) that the

evidence was insufficient to sustain his conviction.  We affirm the judgment of the trial court.

                              MOTION TO SUPPRESS

        "In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193,

197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007,

1010, 265 S.E.2d 729, 731 (1980)).  While we are bound to review de novo ultimate questions of

reasonable suspicion and probable cause, we "review findings of historical fact only for clear

error[1] and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996) (footnote added).

Sergeant Polak testified that he approached Gray's parked car on foot and saw Gray, the sole occupant, put his hand to his mouth and begin chewing. Polak twice asked Gray what he was chewing. Gray ignored each question. Polak believed Gray had contraband and told his partner, Detective Porter, that Gray was chewing cocaine. As Porter approached, Gray put his car into gear. Polak told Gray not to leave, but Gray slowly drove away. Polak felt a sharp pain as though the car had rolled over his foot and leaned on the car to maintain his balance. As the car moved forward, he fell. The officers activated the emergency lights and siren on their police car and pursued Gray. Gray ignored these signals and continued to drive away. Eventually, he exited the car and fled on foot.

Porter chased and caught Gray. Gray told Porter he did not stop because he did not want to go back to jail. The officers charged him with malicious wounding of Polak and felony eluding, in violation of Code § 46.2-817(B).

Gray moved the trial court to suppress "any and all evidence collected by law enforcement and statements made by [him] in connection with his arrest," contending that these derived from his attempted detention and arrest in violation of the Fourth Amendment. At the conclusion of the suppression hearing, the trial court held that Polak's attempted detention of Gray was not based on sufficient reasonable, articulable suspicion. However, it denied the motion to suppress, citing our holding in Brown v. City of Danville, 44 Va. App. 586, 606 S.E.2d 523 (2004).

---

[1] "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (citations omitted).

At Gray's bench trial, the Commonwealth amended the malicious wounding charge to assault and battery on a police officer. After hearing the evidence, the trial court granted Gray's motion to strike the assault and battery charge, but found him guilty of felony eluding.

Gray contends all evidence, including testimony about his conduct after leaving in his car, should have been suppressed as deriving from his unlawful attempted detention.

In Brown, Brown violently resisted an unlawful pat down conducted by police. Id. at 592-94, 606 S.E.2d at 527. After subduing Brown, police recovered cocaine from him. Id. at 594, 606 S.E.2d at 527. They charged Brown with obstruction of justice and possession of cocaine. The trial court granted the motion to suppress as to the cocaine, because its discovery derived from the unlawful pat down, but it refused to suppress evidence of Brown's conduct relating to the obstruction of justice charge. Id. at 595, 606 S.E.2d at 528. Affirming this ruling, we explained that "[t]he exclusionary rule does not . . . extend further and also prohibit testimony describing the defendant's own illegal actions following an unlawful search or seizure." Id. at 599, 606 S.E.2d at 530. "[B]ecause Brown's 'post-frisk' struggle with the officers constituted a separate and distinct criminal offense, we h[e]ld that the exclusionary rule did not apply to the officers' testimony describing the events that occurred after the initial attempted pat down." Id. at 602, 606 S.E.2d at 531-32 (refusing to extend Fourth Amendment fruit of the poisonous tree doctrine to new crimes committed after the initial police misconduct).

Gray's flight from the police in violation of their signals to stop was a new crime committed after the initial, unsuccessful attempt to detain him. Regardless of whether the initial attempted detention was lawful, Gray's conduct for which he was charged occurred subsequent to that attempted detention. Therefore, the exclusionary rule did not apply, and the trial court did not err in refusing to suppress the evidence relating to the eluding charge. See id.

SUFFICIENCY OF THE EVIDENCE

Code § 46.2-817(B) provides:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

Gray contends the evidence was insufficient to support his conviction for felony eluding. He argues that no evidence proved that his driving posed a danger to anyone.

Viewed in the light most favorable to the Commonwealth, Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997), the evidence proved that as he pursued Gray's fleeing car, Porter had his emergency lights and siren engaged. He testified "[i]t was 3:30 in the afternoon so there was a lot of foot traffic and a lot of vehicle traffic." During the pursuit on two-lane roads, Gray crossed the double lines into oncoming traffic to pass vehicles. He cut off other vehicles. According to Porter, although Gray did not exceed the speed limit, he "was making evasive maneuvers" and "was weaving in and out of traffic just trying to get away from us" and drove within fifteen feet of pedestrians.

Polak testified that Gray drove around cars that were stopped at an intersection controlled by a traffic signal. Near the end of the chase, Gray's vehicle approached a pickup truck that was stopped at a stoplight. Gray "tried to squeeze [his vehicle] between the pickup and there was a pole there that was blocking his way." Unable to pass to the right of the truck, Gray slowed his vehicle, exited from the passenger side, and fled on foot. Gray's car ran into the telephone pole. Gray performed dangerous and evasive maneuvers on busy streets during business hours while attempting to elude the police. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Gray's driving

- 4 -

endangered pedestrians and other drivers.  It sufficiently supported his conviction.  <u>See</u> <u>Tucker v.</u> <u>Commonwealth</u>, 38 Va. App. 343, 347, 564 S.E.2d 144, 146 (2002) (affirming conviction under Code § 46.2-817(B), holding that "conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute").

The judgment of the trial court is affirmed.

<u>Affirmed.</u>