COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


DARRYLL C. STONE
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1735-08-4                   JUDGE ROBERT P. FRANK
                                                      JUNE 2, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                         William T. Newman, Jr., Judge

             Darryll C. Stone, *pro se*, on briefs.

             Joshua M. Didlake, Assistant Attorney General (Robert F.
             McDonnell, Attorney General, on brief), for appellee.


        Darryll C. Stone, appellant, was convicted, in a jury trial, of reckless driving, in violation

of Code § 46.2-852.  On appeal, he contends that a United States Park Police officer had no

authority to stop him for speeding on Interstate 395 in Arlington County.  For the reasons stated,

we affirm.

                                    BACKGROUND

        On August 23, 2007, Lieutenant Peter Shannon of the United States Park Police was

driving to his office in Washington D.C. when he observed appellant approach him on a

motorcycle at a high rate of speed.  Shannon was operating a Park Police vehicle and was

traveling at approximately 80 miles per hour in the HOV lane of Route 395 in Arlington County.

As appellant passed alongside Shannon's vehicle, Shannon "tapped" his siren in an attempt to

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

slow appellant down. Appellant gave Shannon a "disdainful look" and accelerated past Shannon at approximately eighty-five miles per hour.

Shannon activated his emergency equipment and attempted to stop appellant. The two vehicles traveled into a 55 mile-per-hour speed zone, and appellant eventually stopped his motorcycle. Appellant expressed his displeasure at being pulled over, and he questioned Shannon's authority, as a United States Park Police officer, to conduct a traffic stop on a Virginia roadway. Shannon requested appellant's license and registration, but appellant returned to his motorcycle and drove off. Shannon pursued appellant for a short distance, observing appellant as he cut between cars and forcing them to "brake hard" on the highway. When appellant exited the highway in a congested area, Shannon ended the pursuit for safety reasons.

Shannon later obtained an arrest warrant for felony eluding a law enforcement officer. After appellant's preliminary hearing, the prosecuting attorney sought and obtained an indictment for misdemeanor reckless driving. Appellant filed a motion to quash indictment with the trial court, asserting that Shannon had no authority to stop appellant for a violation of a Virginia law on a Virginia highway. The court denied appellant's motion, and a jury convicted appellant of reckless driving. This appeal follows.

ANALYSIS

Appellant contends that a United States Park Police officer had no authority to stop him on a Commonwealth of Virginia roadway. Implicit in appellant's argument is that appellant cannot be prosecuted for any behavior that occurred after the alleged illegal stop. The Commonwealth responds that appellant's position is moot because appellant was not convicted of the speeding for which he was stopped; appellant's conviction is based upon his reckless driving that occurred after the stop had ended.

Appellant's argument is twofold. First, he claims Shannon had no authority to conduct the stop either by Virginia statute or by federal law or regulation. Second, he argues that this was not a "citizen's arrest," nor was Shannon acting as a conservator of the peace.[1]

"[A]n appellate court decides cases 'on the best and narrowest ground available.'" Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)). Assuming without deciding that Shannon had no authority to stop appellant for speeding on Interstate 395, we need not address this issue because appellant's reckless driving was a separate and distinct offense occurring after the original traffic stop had concluded.

Essentially, appellant is asking us to ignore his behavior subsequent to an alleged unlawful stop. However, appellant's argument is defeated by Brown v. City of Danville, 44 Va. App. 586, 606 S.E.2d 523 (2004).

In Brown, Brown resisted an unlawful police pat down. Id. at 592-94, 606 S.E.2d at 527. After subduing Brown, police recovered cocaine from him. Id. at 594, 606 S.E.2d at 527. Brown was charged with obstruction of justice and possession of cocaine. The trial court granted the motion to suppress the cocaine because it was obtained as a result of the unlawful pat down. The trial court refused to suppress evidence of Brown's conduct relating to the obstruction of justice charge. Id. at 595, 606 S.E.2d at 528. This Court upheld the trial court, stating that "because Brown's 'post-frisk' struggle with the officers constituted a separate and distinct

---

[1] On brief and at oral argument, appellant asserted that his elusive driving subsequent to the stop was caused by Shannon's unlawful pursuit of him. This Court granted review on the sole issue of "[w]hether the trial court erred when it ruled that a United States Park Police officer had jurisdiction to stop appellant for speeding." Rule 5A:12(c) provides that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991). We did not grant appellant an appeal on the additional issue raised by appellant and therefore will not address it.

criminal offense, we hold that the exclusionary rule did not apply to the officers' testimony describing the events that occurred after the initial attempted pat down." Id. at 602, 606 S.E.2d at 531-32.

More recently, in Gray v. Commonwealth, 50 Va. App. 513, 515, 651 S.E.2d 400, 401 (2007), an officer approached Gray's parked car on foot and observed Gray put his hand to his mouth and begin chewing on what the officer believed was cocaine. As another officer approached, Gray slowly drove away, rolling over the first officer's foot. Id. The officers activated their emergency equipment and pursued Gray. Id. Gray ignored these signals, and eventually, the officers apprehended Gray after he exited his car and fled on foot. Id. Gray was charged with malicious wounding and possession of cocaine. Id. at 516, 651 S.E.2d at 401. The trial court found the original detention was not based on a reasonable, articulable suspicion, but nevertheless found Gray guilty of eluding. Id. at 516, 651 S.E.2d at 402. This Court upheld the trial court, reasoning that Gray's flight from the police constituted a new crime that was committed after the initial unsuccessful attempt to detain him. Id. at 517, 651 S.E.2d at 402. Referencing Brown, this Court stated, "Regardless of whether the initial attempted detention was lawful, Gray's conduct for which he was charged occurred subsequent to [the] attempted detention." Id.

Here, assuming Shannon's stop was unlawful, appellant's reckless driving occurred subsequent to that detention, after the encounter had ceased, and constituted a new offense. Therefore, the trial court did not err in convicting appellant of reckless driving. See id.

Appellant attempts to distinguish Brown and Gray on the basis that despite the unlawful police conduct in those cases, the officers nevertheless were within their authority to arrest the suspects. We believe this is a distinction without a difference. Here, the underlying reason for the illegality of the stop, whether it be a constitutional violation or because the officer was

beyond his lawful authority, is of no moment. Appellant's conviction is based upon Shannon's testimony regarding the reckless driving he observed, a new offense that occurred after the stop.

## CONCLUSION

For the reasons stated, we find that the trial court did not err in convicting appellant of reckless driving. Accordingly, we affirm the conviction.

<u>Affirmed.</u>