UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge Decker and Senior Judge Clements
Argued at Richmond, Virginia


JOSEPH GARTH JONES

                                            MEMORANDUM OPINION* BY
v.        Record No. 2167-13-2               JUDGE JEAN HARRISON CLEMENTS
                                                   JUNE 30, 2015
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                        Leslie M. Osborn, Judge

            Charles C. Cosby, Jr. (Lawrence A. Drombetta, III, on brief), for
            appellant.

            John W. Blanton, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        Joseph Garth Jones ("appellant") appeals his conviction for felony eluding the police in

violation of Code § 46.2-817.  He contends the evidence is insufficient to support his conviction

because "the evidence failed to prove that [he] operated his vehicle so as to interfere with or

endanger the operation of the law-enforcement vehicle or endanger a person."[1]  Finding no error

in the trial court's decision, we affirm appellant's conviction.

                                      BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of driving with a suspended license, operating a vehicle
with defective rear lights, and possession of marijuana.  He did not appeal those convictions.

So viewed, the evidence proved that on December 27, 2012, Andrew Howald, a conservation police officer with the Department of Game and Inland Fisheries, was on patrol when he observed a pickup truck parked on the side of a road with what appeared to be a rifle and hunting equipment. Howald turned around to investigate and noted the truck had a broken tail light. The truck quickly turned onto a narrow gravel road. Howald followed and activated his lights and siren. Howald identified appellant as the driver of the truck.

Appellant stopped at the crest of a hill, and Howald parked behind it. As Howald notified his office of his location, the truck "took off down the hill." As the vehicle ascended the next hill, it made a sharp turn off the roadway into a wooded area. Howald noted the truck had turned between two trees into an area with no roadway. Howald followed the truck into the woods.

Howald explained that as he "entered there was a ditch" and he "could hear saplings hit [his] vehicle as [he] entered." Howald could not see if there were any obstacles on the ground and was concerned about hitting "a rock, a stump, barbwire, logs, ditches, anything that [he] couldn't see . . . ." He explained that he was traveling at speeds up to twenty-five miles per hour off-road and that "at those speeds, if you hit something like that, usually that item or that object doesn't give; it's your vehicle or you that suffers." He stated that although he was trained to drive off-road, he was required to travel faster than he normally would in order to try to stop appellant. Additionally, although Howald was driving a four-wheel drive vehicle, appellant's truck, also equipped with four-wheel drive, had a higher clearance than Howald's vehicle.

Appellant turned onto a power line right-of-way. Howald testified the area was covered with three foot high broom straw and that he could not see the ground. He sounded his air horn, and appellant finally came to a stop. Appellant initially exited the truck and then jumped back in and started the engine. Howald ran to the vehicle and ordered appellant to turn the engine off

and exit the vehicle. Appellant complied. He provided Howald with inconsistent explanations for not having stopped.

Appellant explained the pathway led to his mother's residence. Appellant's mother confirmed that the "whole property has rocks" on it and admitted there could be barbed wire or other fencing in the area where appellant led the officer. The trial court viewed photographs of the area and heard testimony regarding the terrain. The trial judge also traveled to the scene to view the area. After considering all the evidence, the trial court concluded that "particularly after going out there and looking at it, and hearing the testimony with regard to this that it is a felony situation" because appellant's driving endangered the operation of the law-enforcement vehicle and endangered a person. This appeal followed.

ANALYSIS

Appellant argues on appeal that "neither the officer's vehicle nor any person was put into peril."[2]

We review the fact finding of the trial court "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). We reverse the decision of the trial court only if it is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). We lack the authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11,

---

[2] Appellant "also argues that the endangerment of a law-enforcement vehicle should require that the vehicle be placed in a significant not just slight risk of harm." Appellant, however, did not include this in his assignment of error in his petition for appeal. Under Rule 5A:12(c), "[o]nly assignments of error assigned in the petition for appeal will be noticed by this Court." See McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (*en banc*) ("Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal."); Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991) ("We do not consider this argument, however, since it was not raised in the petition for appeal and no appeal was granted by this Court on that issue."). Therefore, we do not consider this argument. Furthermore, appellant never raised this argument before the trial court, and thus we cannot consider it on appeal. Rule 5A:18.

602 S.E.2d 402, 407 (2004), and are "not permitted to reweigh the evidence," <u>Nusbaum v.</u>

<u>Berlin</u>, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007).

In relevant part, Code § 46.2-817(B) provides:

> Any person who, having received a visible or audible signal from
> any law-enforcement officer to bring his motor vehicle to a stop,
> drives such motor vehicle in a willful and wanton disregard of such
> signal so as to interfere with or endanger the operation of the
> law-enforcement vehicle or endanger a person is guilty of a Class 6
> felony.

"To 'endanger' is to 'expose to danger, harm, or loss.'" <u>Coleman v. Commonwealth</u>, 52

Va. App. 19, 24, 660 S.E.2d 687, 690 (2008) (quoting <u>Webster's New World Dictionary</u> 448 (3d

coll. ed. 1988); <u>The American Heritage Dictionary</u> 452 (2d coll. ed. 1982)). "The object of the

endangerment can be the driver himself, the police officer, or anyone else on the road that could

be put at risk from the driver's eluding." <u>Id.</u> (citation omitted). "That the exposure to danger

does not result in any actual harm is a welcome fortuity, but not a legal defense." <u>Id.</u>

Additionally, as we have explained,

> conduct that raises the specter of endangerment is the evil
> contemplated and proscribed by the statute. To require the threat
> to be imminent would engraft an element to the offense, thereby
> permitting the dangerous operation of motor vehicles until a person
> is actually imperiled, an absurd result that subverts the salutary
> purposes of the statute.

<u>Tucker v. Commonwealth</u>, 38 Va. App. 343, 347, 564 S.E.2d 144, 146 (2002).

Appellant asserts "that the nature of the surface alone is not enough" for a finding of

endangerment and contends his "behavior does not rise to the necessary level of endangerment

due to the low speed and short distances traveled."

The record indicates appellant traveled approximately two hundred feet through the

wooded area before coming to a stop. Howald indicated he drove at speeds reaching twenty-five

miles per hour during the off-road portion of the pursuit. The officer explained he drove faster

than he normally would in an off-road situation in order to catch appellant. He also emphasized that traveling at such a speed increased the risk of damage if his vehicle met an obstruction. In Gray v. Commonwealth, 50 Va. App. 513, 517, 651 S.E.2d 400, 402 (2007), this Court affirmed the felony eluding conviction where Gray "cut off other vehicles," in addition to various other movements made for the purpose of evading police officers, but "did not exceed the speed limit." Similarly, in this case, although the pursuit did not involve a high-speed chase, appellant drove his vehicle at a speed excessive for the terrain and although the distance traveled was not great, it was unusually perilous.

A rational factfinder could find beyond a reasonable doubt that appellant's driving after the officer's command to stop endangered the officer's operation of his vehicle as well as the officer, himself, and his passenger. By traveling off-road through the brush, ditch, and harsh terrain, appellant raised the specter of endangerment contemplated by the statute. The trial court heard the officer's description of the encounter, viewed photographs of the area, and visited the scene itself. Appellant's own witness conceded the route was not well-traveled, was rocky, and contained hidden dangers. The totality of the evidence presented at trial provided the trial court with sufficient evidence to conclude appellant's actions constituted felony eluding the police.

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986). From this evidence, taken as a whole, we cannot say that the trial court's findings were plainly wrong or without evidentiary support, and accordingly we affirm appellant's conviction.

Affirmed.