COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Athey and Callins
Argued at Virginia Beach, Virginia

UNPUBLISHED

JC ALEXANDER JULIAN BUTLER

v.        Record No. 0123-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
OCTOBER 18, 2022

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Charles E. Haden for appellant.

David A. Mick, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

The circuit court convicted JC Alexander Julian Butler, appellant, of felony eluding and

possession of marijuana. On appeal, Butler challenges the sufficiency of the evidence to support his

convictions.[1]

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v.

Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)). In doing so, we discard any of Butler's conflicting evidence, and regard as true all

credible evidence favorable to the Commonwealth and all inferences that may reasonably be

drawn from that evidence. *Gerald*, 295 Va. at 473.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The circuit court also convicted Butler of failing to yield at an intersection; Butler does
not challenge that conviction on appeal.

In November 2019, Detective Eric Strano observed Butler turn his car "in front of . . . oncoming traffic" at an intersection without yielding. After seeing the traffic infraction, Strano followed Butler's car into a parking lot and activated his emergency lights to initiate a traffic stop. Once Strano activated his lights, Butler accelerated out of the parking lot and onto North King Street in the City of Hampton. Strano pursued Butler as he drove about fifty miles per hour through a thirty-five-miles-per-hour zone and saw him throw a bag containing an unknown substance from the driver's window. Butler then turned onto a residential street with a speed limit of twenty-five miles per hour. Butler accelerated down the residential street before slowing as he neared a dead end that was "capped . . . by a small wooden fence." As Butler's car approached the dead end, Butler and a front seat passenger began throwing items from both sides of the car. They then jumped from the moving car and ran in opposite directions. The car came to a stop against the fence.

Officer Brian Boyd was driving to assist in the pursuit when he heard Detective Strano state over the radio that Butler had thrown "something" onto North King Street. Boyd searched the area of the street where Butler had driven and found a bag containing approximately one gram of marijuana in the middle of the road. Boyd admitted that North King Street is in a "high crime area" and he did not search the bag for fingerprints. Boyd gave the bag to Strano, who determined that the bag contained "approximately one gram of marijuana." Strano then asked Butler "how much marijuana was in the bag that he had thrown" out the window. Butler responded, "about a gram."

After the close of the evidence and argument by counsel, the circuit court found that "the chain of events" and Butler's statement demonstrated that he had possessed the bag of marijuana Boyd found on North King Street. The court also convicted Butler of felony eluding.

ANALYSIS

Butler argues that the evidence was insufficient to support his convictions. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

## A. Possession of Marijuana

Butler argues that the evidence was insufficient to prove that the marijuana Boyd found on North King Street "was the same marijuana" he discarded during the pursuit. He stresses that Boyd found the marijuana in a "high crime area" and no forensic evidence linked him to the bag. He concludes that because "there was no positive identification of the recovered marijuana" showing it was the same marijuana that he had, the Commonwealth's evidence was insufficient to sustain his conviction.

When the incident occurred, it was "unlawful for any person [to] knowingly or intentionally possess marijuana unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional

practice." Code § 18.2-250.1 (Cum. Supp. 2020).[2] Possession of a controlled substance is often proved by circumstantial evidence. *Hall v. Commonwealth*, 69 Va. App. 437, 448 (2018). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011). "Circumstantial evidence is not viewed in isolation." *Id.* (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Pijor v. Commonwealth*, 294 Va. 502, 512-13 (2017) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

After Detective Strano announced "over the radio" that Butler had thrown "a bag" out the car window onto North King Street, Officer Boyd immediately searched the area and found a bag containing approximately one gram of marijuana "in the middle of the road." When Strano later asked Butler "how much marijuana was in the bag" he had thrown from his window, Butler responded, "about a gram." A defendant's statement that "tends to show guilt" is "'evidence of a most satisfactory nature and may furnish the strongest and most convincing evidence of truth.'" *Prince v. Commonwealth*, 228 Va. 610, 613 (1985) (quoting *Tyree v. Lariew*, 208 Va. 382, 385 (1967)).

Moreover, "drugs are a thing of value people are unlikely to abandon or ship to another without warning." *Ward v. Commonwealth*, 47 Va. App. 733, 753 (2006). Thus, the circuit court reasonably could conclude that an unspecified stranger did not leave a valuable, albeit illegal, substance unattended in the "middle" of North King Street. Accordingly, based on the

---

[2] Code § 18.2-250.1 was repealed effective July 1, 2021. 2021 Va. Acts Sp. Sess. I, cc. 550 and 551.

combined force of Butler's statements and the above circumstances, a rational factfinder could conclude that Butler possessed the marijuana found in the recovered bag. Therefore, the circuit court's judgment was not plainly wrong or without evidentiary support.

## B. Felony Eluding

Butler also argues that the evidence was insufficient to convict him of felony eluding because he did not endanger any person or law-enforcement vehicle. Butler contends that he drove no faster than fifty miles per hour, did not lose control of his vehicle or cross median lines, and no pedestrians or motorists were "actually in danger during the pursuit." Thus, he concludes that the felony eluding charge should have been reduced to misdemeanor eluding.

"Any person who . . . drives [a] motor vehicle in a willful and wanton disregard of" a signal from a law-enforcement officer to stop "so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony." Code § 46.2-817(B). "To 'endanger' is to 'expose to danger, harm, or loss.'" *Coleman v. Commonwealth*, 52 Va. App. 19, 24 (2008) (quoting *Endanger, Webster's New World Dictionary* (3d ed. 1988)). "The object of the endangerment can be the driver himself, the police officer, or anyone else on the road that could be put at risk from the driver's eluding." *Id.* "[C]onduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute." *Id.* at 24 (quoting *Tucker v. Commonwealth*, 38 Va. App. 343, 347 (2002)). Indeed, "[t]o require the threat to be imminent would engraft an element to the offense, thereby permitting the dangerous operation of motor vehicles until a person is actually imperiled, an absurd result that subverts the salutary purposes of the statute." *Id.*

The evidence here demonstrated that after Detective Strano activated his emergency lights, Butler accelerated out of a parking lot and drove fifty miles an hour in a thirty-five-miles-per-hour zone while discarding contraband from his window. He then turned onto a residential street with a

twenty-five-miles-per-hour speed limit and "accelerated" to continue his flight. As Butler approached the dead end, he abandoned his moving vehicle, allowing it to roll uncontrolled off the road and into a wooden fence. Although no evidence demonstrated that Butler's flight caused anyone to be "actually in danger," the evidence need not prove that Butler's flight created an imminent threat to sustain his conviction. *Id.* Instead, the evidence need only demonstrate that Butler's conduct raised "the specter of endangerment." *Id.* From the above circumstances, a rational factfinder could conclude that Butler's conduct raised a specter of endangerment to himself, his passenger, other motorists, and any pedestrians on the residential street. Thus, the circuit court's judgment was not plainly wrong or without evidentiary support.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.