COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia

ARMAND MONET COLEMAN

v.          Record No. 0837-07-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE D. ARTHUR KELSEY
MAY 20, 2008

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

Charles E. Haden for appellant.

Josephine F. Whalen, Assistant Attorney General II
(Robert F. McDonnell, Attorney General, on brief), for
appellee.


On appeal, Armand Monet Coleman challenges the sufficiency of the evidence underlying

his conviction for felony eluding in violation of Code § 46.2-817(B).  We find the evidence

sufficient and affirm Coleman's conviction.

I.

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That principle requires

us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as

true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn

therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and

citation omitted).

So viewed, the evidence established that around 1:35 a.m. a police officer clocked Coleman

on radar driving his vehicle 72 miles per hour in a 45-mile-per-hour zone on Fort Eustis Boulevard

in Newport News.  The officer pulled up behind Coleman but did not engage his emergency lights

or siren because there was no safe place to stop. With the officer behind him, Coleman twice struck a curb, overcorrected his steering during curves in the road, and at other times veered from one side of the road to the other, entering the opposite gravel shoulders each time.

Suspecting Coleman to be a drunk driver, the officer engaged his emergency lights and siren. For two miles Coleman ignored the officer's command to stop. During those two miles, Coleman's erratic speed ranged from 72 to 35 miles per hour.[1] He entered a residential cul-de-sac at a sufficiently high speed to awaken a neighbor at 1:40 a.m. and finally stopped in front of his own house. When Coleman exited his vehicle, he appeared to be highly intoxicated. He smelled strongly of alcohol; his eyes were bloodshot and glassy; he was stumbling and unable to maintain an upright posture; and his words were slurred and unrecognizable at times.

Coleman resisted his arrest and physically assaulted the officer. After backup arrived, the officer was taken to the hospital, and Coleman was taken to jail on charges of driving under the influence of alcohol (a third or subsequent offense), felony eluding, felony assault and battery of a police officer, and malicious wounding. At trial, Coleman testified that he never saw any lights or heard any sirens from the police officer's vehicle, had not been drinking that night, did not drive erratically, and did not assault the police officer.

---

[1] Coleman points out that, early in the officer's testimony, he suggested that Coleman's speed ranged only from 50 to 35 miles per hour after the officer engaged his emergency lights and siren. When later directly questioned about this, however, the officer clarified that the range was 72 to 35 miles per hour. On appeal, we review the evidence in the light most favorable to the Commonwealth. For this reason, "when 'faced with a record of historical facts that supports conflicting inferences,' a court reviewing the sufficiency of the evidence 'must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" Harper v. Commonwealth, 49 Va. App. 517, 523, 642 S.E.2d 779, 782 (2007) (quoting Jackson v. Virginia, 443 U.S. 307, 326 (1979)). "The power to segregate a witness's testimony into the believable, partly believable, or wholly unbelievable is an exercise of decisional discretion intrinsic to the factfinding task and essential to its proper performance." Id.

Sitting as factfinder, the trial court found Coleman guilty of driving under the influence (third or subsequent offense), assault and battery of a police officer, felony eluding, and unlawful wounding. Coleman filed a petition for appeal challenging all of his convictions. We granted his petition in part, limited to the question whether the evidence was sufficient to support his felony eluding conviction under Code § 46.2-817(B).

## II.

Under settled principles, "[s]ufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." United States v. Powell, 469 U.S. 57, 67 (1984). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original).[2]

In this case, the trial court found Coleman guilty of felony eluding in violation of Code § 46.2-817(B). That statute forbids a person, after seeing or hearing a police officer's command to stop, from defying that command by driving his vehicle "in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or *endanger*

---

[2] These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), or "to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion," Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998). A factfinder's resolution of conflicting facts, as well as competing inferences, receives "the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006).

a person . . . ."  Code § 46.2-817(B) (emphasis added).  The object of the endangerment can be the driver himself, the police officer, or anyone else on the road that could be put at risk from the driver's eluding.  Phelps v. Commonwealth, 275 Va. 139, 142, 654 S.E.2d 926, 927 (2008).

To "endanger" is to "expose to danger, harm, or loss."  Webster's New World Dictionary 448 (3d coll. ed. 1988); The American Heritage Dictionary 452 (2d coll. ed. 1982).  That the exposure to danger does not result in any actual harm is a welcome fortuity, but not a legal defense.  As we have explained,

> conduct that raises the *specter of endangerment* is the evil contemplated and proscribed by the statute.  To require the threat to be imminent would engraft an element to the offense, thereby permitting the dangerous operation of motor vehicles until a person is actually imperiled, an absurd result that subverts the salutary purposes of the statute.

Tucker v. Commonwealth, 38 Va. App. 343, 347, 564 S.E.2d 144, 146 (2002) (emphasis added).  This conclusion takes into account the 1999 deletion from Code § 46.2-817(B) of any requirement that the endangerment result in "serious bodily injury."  1999 Va. Acts, ch. 720 (deleting "If serious bodily injury to another results from a violation of the preceding paragraph, the offender shall be guilty of a Class 6 felony.").

Here, a rational factfinder could find beyond a reasonable doubt that Coleman's driving after the officer's command to stop endangered Coleman as well as any others on the road that night.  Coleman disregarded the officer's signal and continued to drive his vehicle for two miles.  His erratic speed ranged from 72 to 35 miles per hour.  Coleman's neighbor testified that he "heard a car coming down the street at a very high rate of speed" which he thought "was unusual for that time of the morning and on a cul-de-sac."  The neighbor "heard another car behind it."  Unable to maintain control of his vehicle, Coleman struck a curb — something he had done twice before the officer's command to stop.  Arriving in front of his house, Coleman exited his vehicle and went to his front

door. He appeared to be highly intoxicated. He smelled strongly of alcohol; his eyes were bloodshot and glassy; he was stumbling and unable to maintain an upright posture; and his words were slurred and unrecognizable at times.

Considered together, these facts amply support the trial court's conclusion that Coleman's two-mile-long episode of eluding was an endangerment both to himself and anyone else on the road that might come into contact with him. It does not matter that Coleman did not actually run into another vehicle or a pedestrian during the two-mile chase or, for that matter, make a specific maneuver causing him or someone else to be "actually imperiled" by an imminent collision. Tucker, 38 Va. App. at 347, 564 S.E.2d at 146. What matters is that, during those two miles, Coleman put himself and everyone else on the road in serious danger of being injured or killed.

We acknowledge Coleman's testimony at trial that he never saw the officer's emergency lights or heard the siren, had not been drinking that night, and did not drive erratically. As factfinder, however, the trial court was at liberty to discount Coleman's self-serving statements as little more than lying to "conceal his guilt," Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004), and could treat such prevarications as "affirmative evidence of guilt," Wright v. West, 505 U.S. 277, 296 (1992).[3] This principle naturally follows from the broader observation that "whenever a witness testifies, his or her credibility becomes an issue." Hughes v. Commonwealth, 39 Va. App. 448, 462, 573 S.E.2d 324, 330 (2002) (citation omitted).

---

[3] See also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) (recognizing "general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt'" (quoting Wright, 505 U.S. at 296)); Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004); Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004); Emmett v. Commonwealth, 264 Va. 364, 372, 569 S.E.2d 39, 45 (2002); Thomas v. Commonwealth, 44 Va. App. 741, 755 n.5, 607 S.E.2d 738, 744 n.5, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005); Dugger v. Commonwealth, 40 Va. App. 586, 594 n.2, 580 S.E.2d 477, 481 n.2 (2003).

III.

Finding the evidence sufficient, we affirm Coleman's conviction for felony eluding in violation of Code § 46.2-817(B).

<u>Affirmed.</u>