COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Humphreys and Alston
Argued at Salem, Virginia


WILLIE HAMPTON MOSS, JR.

MEMORANDUM OPINION* BY
v.        Record No. 0589-08-3          CHIEF JUDGE WALTER S. FELTON, JR.
                                        JUNE 9, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

(Jon I. Davey, on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Following a bench trial, Willie Hampton Moss, Jr. ("appellant") was convicted of

feloniously eluding a police officer in violation of Code § 46.2-817, reckless driving in violation of

Code § 46.2-862, and operating a motor vehicle on a suspended or revoked license, second or

subsequent offense, in violation of Code § 46.2-301.[1]  On appeal, appellant contends the trial court

erred in finding the evidence sufficient to prove he had notice that his license was suspended when

he drove a vehicle on March 9, 2007, the date of the offense for which he was convicted.  We affirm

the judgment of the trial court.

As the parties are familiar with the record below, we cite only those facts necessary to the

disposition of the appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's felony eluding and reckless driving convictions are not before us on appeal.

When on appeal an appellant challenges "the sufficiency of the evidence to sustain his conviction[], it is the appellate court's duty to examine the evidence that tends to support the conviction[] and to permit the conviction[] to stand unless [it is] plainly wrong or without evidentiary support." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder[,] who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

So viewed, the evidence proved that on March 9, 2007 Virginia State Trooper R.H. Boyd attempted to stop a vehicle driven by appellant for speeding. Appellant disregarded Boyd's signals to stop. After a pursuit, Trooper Boyd forced appellant's vehicle to stop by striking it with his cruiser. A criminal complaint sworn by Boyd, part of the record on appeal pursuant to appellant's designation of the joint appendix, reflects that "[a]fter [appellant's] vehicle was forced to stop, [appellant] advised [Trooper Boyd] his driver['s] license [was] revoked."

At trial, appellant's Department of Motor Vehicles driver history record ("DMV record"), current as of March 12, 2007, a date three days after his arrest, was admitted into evidence without objection from appellant. It reflects that appellant's current license, issued on June 21, 2001, was suspended, and had been suspended numerous times, that it was surrendered on June 20, 2002, and that it was revoked on May 7, 2004. The DMV record also reflects that appellant was notified by mail of the revocation of his license and that his current "driver license status" was "revoked." It additionally shows that appellant was convicted on December 17, 2003 of "driving under revocation or suspension" pursuant to Code § 46.2-301.

Appellant testified he had not received notice that his license was suspended when he drove on March 9, 2007. He denied he was convicted of operating a motor vehicle on a

suspended or revoked license on December 17, 2003, and stated that charge was dismissed after "[he] went and got a new license from the DMV, got [his] license updated . . . with a new date on it . . . ." Appellant's claim to have obtained a "new license . . . with a new date on it" in December 2003 is not supported by his DMV record admitted at trial, which lists the latest issue date of his license as June 21, 2001.

The trial court found appellant's testimony not credible, stating, "[t]he defendant's concept of truth is vastly different than the Court's. He was not truthful." It convicted appellant of operating a motor vehicle on a suspended or revoked license, second or subsequent offense.

## II.

On appeal, appellant contends that, although "throughout his life, his driving privileges have been suspended," the "trial court erred in determining that the Commonwealth proved beyond a reasonable doubt that [he] had current notice that his license was suspended" when he drove on March 9, 2007. We disagree.

To convict appellant of violating Code § 46.2-301, the Commonwealth was required to prove he had received notice that his license was suspended or revoked when he drove a vehicle on March 9, 2007. See Bibb v. Commonwealth, 212 Va. 249, 250, 183 S.E.2d 732, 733 (1971) (decided under former Code §§ 46.1-350, -423.1).

Here, appellant's DMV record, admitted into evidence without objection from appellant, reflected that his license was revoked on May 7, 2004, and that he was notified by mail of that revocation of his license.

Code § 46.2-416 provides, in pertinent part, that

> [w]henever it is provided in this title that a driver's license may or shall be suspended or revoked either by the Commissioner or by a court, notice of the suspension or revocation or any certified copy of the decision or order of the Commissioner may be sent by the Department by certified mail to the driver at the most recent address of the driver on file at the Department . . . . If the

certificate of the Commissioner . . . shows that the notice or copy has been so sent . . . it shall be deemed prima facie evidence that the notice or copy has been sent and delivered . . . to the driver for all purposes involving the application of the provisions of this title.

Pursuant to Code § 46.2-416, the entry on appellant's DMV record reflecting that notice of his May 7, 2004 license revocation was mailed to him was prima facie evidence that the notice was delivered to him. Additionally, that appellant's DMV record listed his current "driver license status" as "revoked" established that he was not issued a license following the revocation of his license on May 7, 2004. See, e.g., Code § 46.2-100 (revoked license "is not subject to renewal or restoration except through reapplication after the expiration of the period of revocation"); Code § 46.2-411(C) (reinstatement fee required before reissue of current license or issue of new license following license revocation). The DMV record admitted at trial showed the last issuance date of a license to appellant was June 21, 2001.

While appellant testified he did not know his license was suspended or revoked, the trial court found his testimony was "not truthful." See Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004) ("A false or evasive account is a circumstance, similar to flight from a crime scene, that a fact-finder may properly consider as evidence of guilty knowledge."). The trial court, sitting as the trier of fact, could treat appellant's untruthful statements as "'affirmative evidence of guilt.'" See Coleman v. Commonwealth, 52 Va. App. 19, 25-26, 660 S.E.2d 687, 690-91 (2008) (quoting Wright v. West, 505 U.S. 277, 296 (1992)).

We conclude from the evidence in the record that the trial court did not err in finding appellant had notice that his license was revoked when he drove a vehicle on March 9, 2007. Accordingly, we affirm appellant's conviction.

Affirmed.