COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


CHRISTOPHER CARL ADKINS

MEMORANDUM OPINION[*] BY
v.      Record No. 0313-08-2      JUDGE WILLIAM G. PETTY
JULY 28, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Edwin F. Brooks for appellant.

Jennifer C. Williamson, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial court convicted appellant, Christopher Carl Adkins, of one count of possession

with intent to distribute cocaine, in violation of Code § 18.2-248, and one count of distribution of a

controlled substance within 1,000 feet of school property, in violation of Code § 18.2-255.2.

Adkins appeals, arguing that the evidence adduced in the trial court was not sufficient to prove that

he possessed the drugs.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal, we view those facts and incidents in the "light most favorable" to the prevailing party

below, the Commonwealth, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786

(2003), and we grant to that party all fair inferences flowing therefrom. Coleman v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 52 Va. App. 19, 21, 660 S.E.2d 687, 688 (2008); Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003).

In this appeal, Adkins challenges the sufficiency of the evidence to prove that he possessed cocaine. Adkins also includes, with his sufficiency argument, a contention that the trial court erred by admitting a police officer's testimony that he found a manila envelope with Adkins' name written on it inside a gym bag along with the drugs. However, "[t]he admissibility of evidence and the sufficiency of evidence are distinct issues." Banks v. Mario Indus., 274 Va. 438, 455, 650 S.E.2d 687, 696 (2007). And, we note that in the order granting this appeal, this Court specifically denied an appeal on Adkins' evidentiary argument. Accordingly, his evidentiary argument is outside the scope of the question presented on appeal, and we will only address Adkins' sufficiency argument in this opinion. See Rule 5A:12(c).

"Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt." United States v. Powell, 469 U.S. 57, 67 (1984). As an appellate court, we review the trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). It follows that a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have

no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).

Adkins predicates his sufficiency argument on this Court "giv[ing] no substantive consideration to the testimony regarding the envelope" bearing Adkins' name. Appellant's Br. at 7. Adkins argues that, in the absence of the envelope, there was no evidence establishing anything beyond his mere proximity to the drugs. Appellant's Br. at 7. However, as discussed *supra*, whether the envelope was admitted in error is not at issue before this Court. Moreover, "[w]hen a defendant challenges on appeal the sufficiency of the evidence to sustain his conviction, the appellate court has a duty to examine all the evidence that tends to support the conviction, [and therefore] must consider all the evidence admitted at trial that is contained in the record." Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008).

In order to convict Adkins of possession of cocaine with the intent to distribute, the Commonwealth had to prove the element of possession. At trial, the Commonwealth relied on a theory of constructive possession. "Constructive possession may be established by evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (*en banc*) (citations omitted). Constructive possession may be established by circumstantial evidence provided such evidence excludes every reasonable hypothesis of innocence that flows from the evidence. See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994); Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact. See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

In this case, Adkins was lying asleep on one of two beds in a small motel room. The room was filled with a quantity of both powdered and crack cocaine, glasses, jars, and spoons used in mixing the cocaine, and papers on which the newly manufactured crack cocaine had been set out to dry—all of which were sitting around the room in plain view. Moreover, a gym bag containing glasses and spoons of the kind used in the manufacture of crack cocaine and a manila envelope bearing Adkins' name was in the room as well. "[P]roof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of [the premises on which the drugs were located] . . . the person necessarily knows of the presence, nature, and character of a substance that is found there." Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citations omitted); see also Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

The inference that Adkins had knowledge, dominion, and control over the drugs is compelling in this case. Here, Adkins was only a few feet away from the contraband. He had to have walked into the motel room, past a large quantity of drugs and paraphernalia—including a microwave oven in which crack cocaine had been cooked and papers on which crack cocaine had been set to dry—to reach the bed in which he was sleeping. Moreover, a gym bag containing an envelope with Adkins' name on it, along with glasses and spoons of the type used in the manufacture of crack cocaine, was in the room, and Adkins had a large quantity of cash in his pants pocket. Both the contents of the gym bag and the amount of cash Adkins was carrying indicate that Adkins had possession of the cocaine.

Based on the totality of the circumstances presented to the trial court, we cannot say that its determination that Adkins both had knowledge of the character of the crack cocaine and exercised dominion and control over it was plainly wrong or without evidentiary support.

Instead, taking the evidence adduced at trial as a whole, the evidence supports the trial court's determination that Adkins possessed the drugs based on the evidence in the gym bag linking Adkins to the drugs and the plethora of drug paraphernalia in the room.

Accordingly, we affirm Adkins' convictions.

<u>Affirmed.</u>