COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia

THOMAS H. REYNOLDS, III

v.      Record No. 1168-08-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROSSIE D. ALSTON, JR.
DECEMBER 29, 2009

FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Harry T. Taliaferro, III, Judge

James F. Sumpter (James F. Sumpter, P.C., on brief) for appellant.

Jennifer C. Williamson, Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.

Thomas H. Reynolds, III, (appellant) appeals from his conviction of possession of a

firearm by a convicted felon, in violation of Code § 18.2-308.2.  On appeal, appellant contends

the evidence was insufficient to find he exercised dominion and control over the weapon.  For

the reasons that follow, we hold the evidence was sufficient, and we affirm appellant's

conviction.

I.  BACKGROUND[1]

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting Commonwealth v.

Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)).  "Viewing the record through this

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case, and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of this appeal.

evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis omitted)).

So viewed, the evidence showed that on March 5, 2007, Deputy Sheriff Brian Fedder (Fedder) received a report of gunshots fired outside appellant's home. In the backyard of appellant's residence, Fedder observed spent shell casings from a 12-gauge shotgun, an AK-47, and a .40 caliber weapon. Fedder noted that the shell casings appeared to be new, because the brass on the casings was still "clear and bright." Appellant was not home, and Fedder left.

Later the same day, Fedder returned to appellant's residence. Before he arrived, Fedder received a report to look out for a black Mustang with a specific tag number. As Fedder approached appellant's residence, the Mustang was pulling out of the driveway. Fedder pulled the vehicle over. He observed appellant in the passenger seat of the vehicle, with a 12-gauge shotgun resting between appellant's left thigh and the center console. Thomas Page, Jr. (Page) was in the driver's seat and another passenger was in the backseat. Appellant was intoxicated, cursed at the officers, and told them they would have to force him out of the vehicle.

Officers obtained consent to search the vehicle. They discovered a red jacket in the backseat, which appellant admitted belonged to him. The right pocket of the jacket contained a box of 12-gauge shotgun shells. Fedder, an expert qualified in 12-gauge shotguns, testified that the ammunition recovered from appellant's jacket was the type that could be discharged from the shotgun recovered from the vehicle.

At trial, appellant testified that on the date of the incident, he and the other occupants of the vehicle had been "riding around" all day. Appellant testified that Page drove them to Page's

parents' house to get money. Page went inside while the other two waited in the car. When Page came back to the vehicle, he was carrying the shotgun. Page threw the weapon into the car and drove off. Appellant further testified that he asked Page to take him back to his house because he "did not feel safe." According to appellant, Page approached appellant's residence, but then suddenly turned the car around and did not allow appellant to get out.

Appellant admitted he was intoxicated when Fedder pulled the car over. He also admitted to cursing at the officers and telling them he would have to be forced out of the vehicle. Appellant stated the shell casings in his yard must have come from his father, an avid hunter. Appellant admitted, however, that his father died approximately seven months before the incident.

On May 7, 2008, the trial court found appellant guilty of possessing a firearm as a convicted felon, in violation of Code § 18.2-308.2. This appeal followed.

## II. ANALYSIS

Appellant contends the evidence was insufficient to find he possessed the shotgun, specifically because it was not subject to his dominion and control. For the reasons that follow, we disagree.

When the sufficiency of the evidence is challenged on appeal, "this court must 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence to the Commonwealth and all fair inferences to be drawn therefrom.'" Haskins v. Commonwealth, 44 Va. App. 1, 4, 602 S.E.2d 402, 403 (2004) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis removed)). This standard of review "'gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Coward v. Commonwealth, 48 Va. App. 653, 657, 633 S.E.2d 751, 752

(2006) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "[T]he Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

Code § 18.2-308.2 makes it unlawful for any person who has been convicted of a felony to knowingly and intentionally possess or transport any firearm. "A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony[,]" under Code § 18.2-308.2, "requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm." Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995) (citing Blake v. Commonwealth, 15 Va. App. 706, 708, 427 S.E.2d 219, 220 (1993)).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control."

Id. at 469, 465 S.E.2d at 140 (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm or ownership or occupancy of the premises where the firearm is found, these are circumstances probative of possession and may be considered as factors in determining whether the defendant possessed the firearm." Rawls v. Commonwealth, 272 Va. 334, 350, 634 S.E.2d 697, 705 (2006); see also Bolden, 275 Va. at 148, 654 S.E.2d at 586. "Furthermore, the Commonwealth does not have to prove that possession was exclusive." Id. (citing Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981); Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970)).

Appellant admits that he has a prior felony conviction, and he concedes that he was aware of both the presence and character of the shotgun. However, appellant contests the determination that the shotgun was subject to his dominion and control. Appellant argues that he never held,

- 4 -

nor fired, the gun. Rather, he argues that he asked Page to take him home as soon as the shotgun was placed in the car. Appellant contends he was never given a chance to exit the vehicle after Page retrieved the gun. Therefore, appellant argues, the evidence did not show that he exercised dominion and control over the shotgun.

The Supreme Court of Virginia recently upheld a conviction under Code § 18.2-308.2, finding the evidence sufficient to prove the defendant constructively possessed a handgun found in the center console of the vehicle he was driving. Smallwood v. Commonwealth, 278 Va. 625, 631-32, ___ S.E.2d ___, ___ (2009). Although the passenger of the car testified that she owned both the vehicle and the handgun, the Court found the defendant exercised dominion and control over the weapon, noting that "in an instant, [the defendant] could have had actual, exclusive possession of the firearm and [the defendant]'s access to the firearm was not restricted in any way." Id. at 631, ___ S.E.2d at ___.

In this case, the shotgun was found resting against appellant's leg. While not conclusive, appellant's proximity to the weapon was one factor probative of possession. In an instant, appellant certainly could have had actual, exclusive possession of the firearm. In addition, the Commonwealth's evidence showed that police were called to appellant's house earlier in the day, based on reports of shots fired outside the residence. Moreover, spent shell casings, which appeared new, were found in appellant's backyard. Finally and significantly, appellant admitted to owning the jacket found in the vehicle that contained 12-gauge shotgun ammunition. Thus, the trial court was presented with sufficient evidence that appellant exercised dominion and control over the weapon.

Appellant further argues that the trial court did not exclude the hypothesis that Page offered appellant no opportunity to exit the vehicle once Page retrieved the shotgun. "Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary

circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)).  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (citing Cook v. Commonwealth, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983); Fordham v. Commonwealth, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991)).

Appellant admitted to cursing at police and telling them they would have to force him out of the vehicle.  This behavior is inconsistent with that of someone who was attempting to escape just moments earlier.  Further, appellant's explanation of the shotgun shells belonging to his father was discounted by Fedder's testimony that the shell casings appeared to be new and appellant's admission that his father died at least seven months prior to the incident.  The trial court, sitting as fact finder, was free to find that appellant was lying to conceal his guilt and "could treat such prevarications as 'affirmative evidence of guilt.'" Coleman v. Commonwealth, 52 Va. App. 19, 25, 660 S.E.2d 687, 690 (2008) (quoting Wright v. West, 505 U.S. 277, 296 (1992)).  Further, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant exercised dominion and control over the firearm.

## III.  CONCLUSION

For these reasons, we hold the evidence was sufficient to find appellant knowingly and intentionally possessed the shotgun as a convicted felon, in violation of Code § 18.2-308.2, and we affirm appellant's conviction.

<u>Affirmed.</u>