COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Ortiz and Raphael
Argued at Richmond, Virginia


JERAD WYCHE-ALEXANDER, A/K/A
  JARAD WYCHE
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0699-22-2                      JUDGE STUART A. RAPHAEL
                                                    MARCH 7, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge Designate

(Maureen L. White, on brief), for appellant.  Appellant submitting
on brief.

Liam A. Curry, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


As Richmond Police Detective Edward Aeschlimann drove down Coalter Street late at

night with two other detectives, their unmarked SUV was sprayed with bullets fired from a sedan

that turned left onto Coalter, just ahead of them.  Detective Elmer Fernandez, riding in the front-

passenger seat, was grazed and suffered wounds from the shattered windshield.  Detective Henry

Johnson, sitting behind him, witnessed muzzle flashes from the sedan's front-passenger and

right-rear-passenger windows.  There were four men in the shooters' car, including appellant

Jerad Wyche-Alexander, who sat in the right-rear-passenger seat.

Wyche-Alexander was convicted at a bench trial of malicious wounding, possession of a

firearm during the commission of a felony, maliciously shooting at an occupied vehicle, and

discharging a firearm while in a vehicle.  He claims on appeal that the prosecution failed to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

exclude the possibility that the sedan's driver, or the other backseat passenger, fired through his right-rear window. But because the evidence sufficed to prove Wyche-Alexander's guilt beyond a reasonable doubt, we affirm his convictions.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard" the defendant's evidence when it conflicts with the Commonwealth's evidence, "regard as true all the credible evidence favorable to the Commonwealth," and read "all fair inferences" in the Commonwealth's favor. *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

After 11:00 p.m. on August 20, 2021, Detectives Aeschlimann, Fernandez, and Johnson were riding in their unmarked Ford Expedition, approaching an apartment complex in response to a reported shooting. Aeschlimann drove, Fernandez sat in the front-passenger seat, and Johnson rode in the right-rear seat. Observing a man run across the street and jump into one of two parked SUVs, Aeschlimann decided to follow the SUVs as they drove away.

As the Expedition proceeded along Coalter Street and approached the T-intersection at Little Page Street, a Chevrolet Cruze (a four-door sedan) turned left at high speed onto Coalter Street in front of them. Johnson simultaneously heard gunshots and saw "muzzle flash[es]" from the Cruze's "front and rear passenger side" as the bullets peppered the Expedition. A surveillance video showed muzzle flashes outside the Cruze's right-front and right-rear windows as it turned left, broadside to the Expedition. Two bullets struck the driver's side of the Expedition, one shattered the windshield and grazed Fernandez, one struck a tire, and another hit

- 2 -

the front grille. Aeschlimann stopped the Expedition while Johnson used his radio to report the attack and began attending to Fernandez's injuries.

Richmond Police Officer Brandon Ball, driving nearby, heard Johnson's radio report and spotted the Cruze just seconds later. Ball and other officers stopped the Cruze "about a block" away from the crime scene. The Cruze was driven by N.H., Anthony Slayton sat in the front-passenger seat, J.P. sat in the left-rear-passenger seat, and Wyche-Alexander sat in the right-rear-passenger seat, his window still rolled down.[1]

The police found no spent shell casings inside the Cruze. But Ball found two handguns and a rag "full of ammunition" under some loose carpet in the front-passenger area. The handguns were .40 caliber semiautomatic pistols—a SIG Sauer P230 and a Glock 23.

At the intersection where the shooting occurred, police found seven .40 caliber cartridge cases. They also recovered a bullet from the Expedition's tire. Subsequent laboratory testing matched the bullet and shell casings to the pistols found in the Cruze.[2]

During an interview at police headquarters, Wyche-Alexander acknowledged sitting in the right-rear-passenger seat, but he denied that anyone fired guns. He insisted there were no guns in the car, even after being told that Ball had found the pistols. But in phone calls from jail, Wyche-Alexander admitted there had been "much shooting going on" and said he had been "f**ked up" after seeing his friend die. He boasted that he would "beat" any criminal charges and that even if J.P. "snitch[ed]," it would not matter because "they [didn't] get the guns off me. I was in the backseat."

---

[1] We previously affirmed Slayton's convictions for shooting at the Expedition from the front-passenger seat. *See Slayton v. Commonwealth*, No. 0641-21-2, 2022 WL 903382 (Va. Ct. App. Mar. 29, 2022).

[2] After determining that the pistols were unlikely to have recoverable fingerprints, a detective swabbed them for DNA. But the samples contained DNA from multiple people and could not be tied to Wyche-Alexander.

The trial court found that Wyche-Alexander was the backseat shooter and convicted him of malicious wounding (Code § 18.2-51), maliciously shooting at an occupied vehicle (Code § 18.2-154), discharging a firearm while in a vehicle (Code § 18.2-286.1), and possessing a firearm during the commission of a felony (Code § 18.2-53.1). He was sentenced to 33 years' incarceration, with 26 years suspended. Wyche-Alexander noted a timely appeal.

ANALYSIS

Each of the four felony offenses at issue required the Commonwealth to prove beyond a reasonable doubt that Wyche-Alexander wielded or fired the handgun.[3] Wyche-Alexander claims that the Commonwealth failed to prove that he was the person who fired the gun from the Cruze's right-rear window.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted

---

[3] *See* Code § 18.2-51 ("maliciously shoot . . . any person . . . with the intent to maim . . . or kill"); Code § 18.2-53.1 ("use . . . any pistol . . . in a threatening manner while committing or attempting to commit . . . malicious wounding"); Code § 18.2-154 ("maliciously shoots at . . . any motor vehicle . . . when occupied by one or more persons, whereby the life of any person . . . in such motor vehicle . . . may be put in peril"); Code § 18.2-286.1 ("while in . . . a motor vehicle, intentionally discharges a firearm so as to create the risk of injury or death to another person").

to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

The evidence sufficed for a reasonable trier of fact to conclude beyond a reasonable doubt that Wyche-Alexander shot at the detectives' Expedition from the Cruze's right-rear window.[4] The surveillance video shows the Cruze turning left at the intersection, with muzzle flashes visible outside the front-passenger and right-rear-passenger windows. Detective Johnson testified to seeing muzzle flashes at both windows. When Officer Ball stopped the Cruze one block away, within "seconds" of the reported shooting, Wyche-Alexander was sitting in the right-rear seat, his window still rolled down. The trial court understandably deduced from Wyche-Alexander's location that he fired the shots out the window beside him.

Wyche-Alexander no longer disputes that gunshots were fired from the Cruze, but he says the Commonwealth failed to exclude the possibility that the driver, or the left-rear passenger, was the one who fired the gun from the rear window. To be sure, when the evidence of guilt depends almost entirely on circumstantial evidence, as in this case, "the reasonable doubt standard requires proof 'sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Kelly v. Commonwealth*, 41 Va. App. 250, 258 (2003) (en banc) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). "Whether an alternative hypothesis of innocence is reasonable is a question of fact . . . ." *Archer v. Commonwealth*, 26 Va. App. 1, 12 (1997). We must uphold the trial court's rejection of a hypothesis of innocence unless the court was "plainly wrong." *Id.* at 13.

---

[4] Because the evidence supported Wyche-Alexander's convictions as a principal in the first degree, we need not address his other argument that the evidence failed to prove that he acted as a principal in the second degree.

- 5 -

We find no such error here. To the contrary, the hypothesis that the Cruze's driver or the left-rear passenger fired shots through Wyche-Alexander's window was sufficiently negated by the Commonwealth's evidence. The surveillance video showed a muzzle flash *outside* the right rear window as the Cruze turned left onto Coalter Street. No shell casings were found inside the Cruze; they were found instead in the intersection where the shooting happened. Those facts make it implausible that the driver contorted himself, leaning far enough back with one hand to fire the gun outside the right-rear window while using his other hand to steer the Cruze through the turn at high speed.

Similarly, the left-rear passenger (J.P.) would have had to lean across Wyche-Alexander, extending his arm to point the gun outside the right-rear window while firing shots through the turn. That scenario, improbable to begin with, was discredited by Wyche-Alexander's stated fear that his backseat companion might "snitch[]" on him. The trial court could reasonably treat Wyche-Alexander's statement as an admission that *he* was the backseat shooter, not the passenger to his left.

Finally, the trial court was entitled to treat as evidence of guilt Wyche-Alexander's false statements to police that *no one* fired any shots from the Cruze and that none of the passengers even had a gun. "As factfinder, . . . the trial court was at liberty to discount [the defendant's] self-serving statements as little more than lying to 'conceal his guilt,' and could treat such prevarications as 'affirmative evidence of guilt.'" *Coleman v. Commonwealth*, 52 Va. App. 19, 25 (2008) (first quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 10 (2004); and then quoting *Wright v. West*, 505 U.S. 277, 296 (1992)).

## CONCLUSION

The evidence sufficed for the trial court to conclude beyond a reasonable doubt that Wyche-Alexander was the backseat shooter.

*Affirmed.*