COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Friedman, Chaney and Lorish

BRIAN WALTER MARTIN

v.    Record No. 1252-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
APRIL 23, 2024

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

(Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
appellant.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Brian Walter Martin for feloniously eluding

the police in violation of Code § 46.2-817(B) and sentenced him to five years of imprisonment with

four years and six months suspended.[1]  Martin challenges the sufficiency of the evidence to sustain

his conviction, arguing that the Commonwealth failed to prove that his driving endangered himself

or another person to warrant elevating the offense to a felony.  After examining the briefs and the

record, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  We find no trial court error and

affirm the judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The trial court also convicted Martin for driving without a license, but he did not appeal
that conviction.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of Martin's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

After dark at about 9:00 p.m. on June 18, 2021, Officer Logan Bowman was on patrol in Martinsville in his marked police vehicle. Officer Bowman was looking for Martin because of outstanding warrants for his arrest. The officer spotted a vehicle with a temporary license plate registered to Martin. Officer Bowman "pulled up to" that car, shone a light inside it, and saw that Martin was the driver. The officer activated his emergency lights to initiate a traffic stop.

Martin ignored Officer Bowman's signal to stop and accelerated. For several minutes, the officer pursued Martin through a residential area where the speed limit was 25 miles per hour. During the chase, the cars executed several turns and reached speeds of 50 miles per hour. At one point, Officer Bowman stopped to let an intern who was accompanying him out of the car. When the officer caught up to Martin, he had driven into the yard of a residence. The Commonwealth introduced a video of the pursuit recorded by the camera on Officer Bowman's police car.

After the vehicles came to a stop, Officer Bowman pursued Martin on foot. The officer apprehended Martin after they ran around a house.

Rejecting Martin's claim that his driving did not constitute endangerment, the trial court noted that the pursuit took place after dark in a residential area on a two-lane road with many

turns. Pursuing Martin, the officer reached a speed that was double the legal speed limit. The trial court convicted Martin for feloniously eluding the police. This appeal followed.

ANALYSIS

Martin challenges the sufficiency of the evidence to sustain his felony conviction for eluding the police. "On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Under Code § 46.2-817(B), it is a Class 6 felony to drive in "willful and wanton disregard" of a police officer's signal to stop "so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person . . . ." Martin does not dispute that he disregarded a police signal to stop his car, but claims that his driving endangered no one.

"To 'endanger' is to 'expose to danger, harm, or loss.'" *Coleman v. Commonwealth*, 52 Va. App. 19, 24 (2008) (quoting *Webster's New World Dictionary* 448 (3d coll. ed. 1988)). "The object of the endangerment can be the driver himself, the police officer, or anyone else on the road that could be put at risk from the driver's eluding." *Id.* "That the exposure to danger does not result in any actual harm is a welcome fortuity, but not a legal defense." *Id.* Rather,

"conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute." *Tucker v. Commonwealth*, 38 Va. App. 343, 347 (2002).

The evidence proved that Martin accelerated away from Officer Bowman after he activated his emergency lights and siren signaling Martin to stop. The officer pursued Martin for several minutes in a residential area and through several turns. Officer Bowman stated that their speed was about 50 miles per hour; the speed limit in the area was 25 miles per hour. Although the pursuit did not end in a collision or injury, this was a "welcome fortuity." *See Coleman*, 52 Va. App. at 24. But Martin's manner of driving imperiled both himself and the officer, thus raising "the specter of endangerment" that is "proscribed by the statute." *Tucker*, 38 Va. App. at 347. Accordingly, a reasonable finder of fact could conclude that Martin was guilty of feloniously eluding the police.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*